1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN E. NIXON,

         Plaintiff,

    v.

REGIONAL TRUSTEE SERVICES
CORPORATION, *et al.*,

         Defendant.

Case No.  C12-1547RSL

ORDER GRANTING DEFENDANTS'
MOTIONS TO DISMISS IN PART AND
REMANDING CASE

## I.  INTRODUCTION

This matter comes before the Court on Plaintiff Brian Nixon's Motion to Remand (Dkt. #13), Defendants Saxon Mortgage Services, Inc.'s ("Saxon") and Morgan Stanley Mortgage Capital Holdings, LLC's ("MSMCH") Motion to Dismiss (Dkt. #12) and Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Mortgage Electronic Registration Systems, Inc.'s ("MERS"), and U.S. Bank National Association's ("U.S. Bank") Motion to Dismiss (Dkt. #15).  In conjunction with their motion to dismiss, Ocwen, MERS, and U.S. Bank have requested that the Court take judicial notice of certain publicly recorded documents which are referenced in Plaintiff's Complaint (Dkt. # 16).

Defendants Regional Trustee Services Corporation ("Regional") and Bank of America, National Association ("BOA") have joined Ocwen's, MERS's, and U.S. Bank's motion to

ORDER DISMISSING CLAIM AND REMANDING CASE- 1

1   dismiss (Dkt. # 20, 26).

2           For the reasons set forth below, the Court GRANTS IN PART Defendants' motions to

3   dismiss and GRANTS Plaintiff's motion to remand.[1]

4                                   **II.  DISCUSSION**

5   **A.  Background**

6           On January 22, 2007, Plaintiff obtained a $213,500 adjustable rate loan from First

7   Independent Mortgage Company to refinance the existing mortgage on his property.  Notice of

8   Removal, Ex. A (Dkt. # 4) ("Complaint") at ¶¶ 24-26.  The loan was secured by a deed of trust

9   that encumbered the property.  Id. at ¶ 27; Request for Judicial Notice (Dkt. # 16) ("Request"),

10  Ex. 1.  The deed of trust identifies Commonwealth Land Title Company as the Trustee and

11  MERS as "a nominee for Lender and Lender's successors and assigns" and the beneficiary.

12  Request, Ex. 1 at 2.

13          Plaintiff fell behind on payments on the loan in September 2009.  Complaint at ¶ 35.  On

14  June 4, 2010, MERS assigned its interest in the deed of trust to BOA and BOA appointed

15  Regional as Successor Trustee.  Id., Exs. D, E.  On that same day, Regional recorded a Notice of

16  Trustee's Sale on September 3, 2010.  Id. at ¶ 52; Complaint, Ex. F.  On December 13, 2011,

17  Regional filed a second Notice of Trustee's Sale on March 16, 2012.  Request, Ex. 2.  For

18  reasons not immediately apparent in Plaintiff's Complaint, the Trustee's Sale was postponed

19  until June 29, 2012, at which time U.S. Bank purchased the property at the Trustee's Sale.  Id.,

20  Ex. 3 at 1-2.

21          Plaintiff alleges that during winter 2012 he was working with Saxon, a loan servicing

22  company, to modify his loan.  Complaint at ¶ 65-66. He also claims that he made three payments

23  to Saxon between December 2011 and February 2012.  Id.  On April 2, 2012, Ocwen became the

24  _____

25      [1] The Court finds that these matters can be decided on the papers submitted.  Saxon's and
    MSMCH's request for oral argument is DENIED.  Ocwen's, MERS's, and U.S. Bank's request for
26  judicial notice of (1) the deed of trust, recorded on February 21, 2007, (2) the notice of trustee's sale,
    recorded on December 13, 2011 and (3) the trustee's deed, recorded July 12, 2012 (Dkt. # 16) is
27  GRANTED.

28  ORDER DISMISSING CLAIM AND REMANDING CASE- 2

1  loan servicing company handling Plaintiff's loan.  Id. at ¶ 72.  Plaintiff did not make any

2  payments on the loan after February 2, 2012.  Id. at ¶ 71.

3        On August 17, 2012, Plaintiff filed suit against Regional, U.S. Bank, BOA, MERS,

4  MSMCH, Morgan Stanley Mortgage Loan Trust 2007-11AR,[2] Ocwen and Saxon in King

5  County Superior Court.  Notice of Removal at 2.  Plaintiff asserts claims arising under

6  Washington's Deed of Trust Act ("DTA") and the Fair Debt Collection Practices Act

7  ("FDCPA").  Complaint at ¶¶ 85-130.  Even though the foreclosure sale has already taken place,

8  Plaintiff seeks to stay the foreclosure of his house and set aside the sale.  Id.

9        The case was removed to federal court by Saxon and MSMCH on September 11, 2012,

10  on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental

11  jurisdiction under 28 U.S.C. § 1367(a).  Notice of Removal at 2.  Defendants Regional, Ocwen,

12  MERS, and U.S. Bank consented to removal.  Id., Ex. A.  BOA recently appeared in the case and

13  consented to removal.  Notice of Consent to Removal (Dkt. # 22).

14  **B.  Motion to Dismiss**

15        "A Rule 12(b)(6) motion tests the legal sufficiency of a claim."  Navarro v. Block, 250

16  F.3d 729, 732 (9th Cir. 2001).  "The relevant inquiry...is not whether the plaintiff has

17  demonstrated a likelihood of success on the merits" but whether " 'there is no cognizable legal

18  theory or absence of sufficient facts alleged to support a cognizable legal theory.' "  Zamani v.

19  Carnes, 491 F.3d 990, 996 (9th Cir. 2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

20  ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

21  true, to 'state a claim to relief that is plausible on its face.' " (quoting Bell Atl. Corp. v.

22  Twombly, 550 U.S. 544, 570 (2007))).

23        When undertaking that inquiry, the Court must "accept the plaintiffs' allegations as true

24

25      [2] Plaintiff's complaint identifies U.S. Bank and Morgan Stanley Loan Trust 2007-11AR as
26  separate defendants.  Complaint.  Based on U.S. Bank's corporate disclosure statement (Dkt. # 10), the
Court finds that these two named defendants are actually a single entity, U.S. Bank National
27  Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-11AR ("U.S. Bank").

28  ORDER DISMISSING CLAIM AND REMANDING CASE- 3

1   and construe them in the light most favorable to plaintiffs." <u>Gompper v. VISX, Inc.</u>, 298 F.3d

2   893, 895 (9th Cir. 2002) (citation omitted).  However, "[a] pleading that offers 'labels and

3   conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " <u>Iqbal</u>,

4   556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).  Under Rule 12(b)(6), the Court's review

5   is generally limited to the contents of the complaint.  <u>Campanelli v. Bockrath</u>, 100 F.3d 1476,

6   1479 (9th Cir. 1996).  The Court may, however, consider documents attached to the complaint,

7   documents referenced extensively in the complaint, and matters of judicial notice.  <u>U.S. v.</u>

8   <u>Ritchie</u>, 342 F.3d 903, 908 (9th Cir. 2003).

9   **C.  FDCPA Claims**

10          The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt

11   collectors, to insure that those debt collectors who refrain from using abusive collection practices

12   are not competitively disadvantaged, and to promote consistent State action to protect consumers

13   against debt collection abuses."  15 U.S.C. § 1692(e).  To further those goals, the FDCPA

14   prohibits debt collectors from invading a consumer's privacy (§ 1692b); harassing a consumer (§

15   1692c-d); making false or misleading representations to collect a debt (§ 1692e); using unfair or

16   unconscionable means to collect a debt (§ 1692f); and furnishing deceptive forms (§ 1692j).  The

17   FDCPA also requires debt collectors to provide a validation of the debt to the consumer.  <u>Id.</u> at §

18   1692g.

19          For purposes of the FDCPA, a "debt collector" is "any person who uses any

20   instrumentality of interstate commerce or the mails in any business the principal purpose of

21   which is the collection of any debts, or who regularly collects or attempts to collect, directly, or

22   indirectly, debts owed or due or asserted to be owed or due another."  <u>Id.</u> at § 1692a(6).  Within

23   the context of the FDCPA, "debt" means "any obligation or alleged obligation of a consumer to

24   pay money arising out of a transaction in which the money, property, insurance, or services

25   which are the subject of the transaction are primarily for personal, family, or household

26   purposes, whether or not such obligation has been reduced to a judgment."  <u>Id.</u> at § 1692a(5).

27          The Ninth Circuit has not yet addressed whether mortgagees and their assignees are "debt

28   ORDER DISMISSING CLAIM AND REMANDING CASE- 4

collectors" and whether the FDCPA applies to non-judicial foreclosure proceedings.  However, the majority of district courts in this circuit have held that a non-judicial foreclosure does not constitute "debt collection" as defined by the FDCPA.  E.g., Tuttle v. Bank of New York Mellon, 2012 WL 726969, at *3 (W.D.Wash. Mar. 6, 2012); Landayan v. Washington Mut. Bank, 2009 WL 3047238, at *3 (N.D.Cal. Sept. 18, 2009) (dismissing FDCPA claim with prejudice because "foreclosing on a deed of trust does not invoke the statutory protections of the FDCPA"); Deissner v. Mortg. Elect. Registration Sys., 618 F. Supp. 2d 1184, 1189 (D.Ariz. 2009) ("the activity of foreclosing on a property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA." (internal quotation marks omitted)), aff'd 384 Fed.Appx. 609 (9th Cir. 2010); Hulse v. Ocwen Fed. Bank, 195 F. Supp. 2d 1188, 1204 (D.Or. 2002) ("Foreclosing on a trust deed is distinct from the collection of the obligation to pay money.").

The Court agrees with the decisions of the district courts noted above.  Plaintiff's claims under the FDCPA fail as a matter of law and therefore, the Court GRANTS Defendants' motions to dismiss with respect to claims three through nine in the Complaint.

Generally, leave to amend a complaint shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).  However, leave may be denied if amending the complaint would be futile.  Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010).  Because non-judicial foreclosure proceedings are not within the ambit of the FDCPA, Plaintiff's FDCPA claims are DISMISSED with prejudice.

**D.  Motion to Remand**

In any civil action of which a district court has original jurisdiction, the district court has supplemental jurisdiction over all other claims that form part of the same case or controversy. 28 U.S.C. § 1367(a).  "A federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c))."  Acri v. Varian Assocs., 114 F.3d 999, 1000 (9th Cir. 2000) (en banc).  If the federal claims are dismissed before trial, the state law claims "should" be dismissed.  United Mine Workers v. Gibbs, 383 U.S. 715,

ORDER DISMISSING CLAIM AND REMANDING CASE- 5

726 (1966).  The Supreme Court has stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).  Courts also consider the values "of economy, convenience, fairness, and comity."  Acri, 114 F.3d at 1001.

In this case, the Court has dismissed all claims over which it had original jurisdiction. Additionally, this Court has not issued any substantive rulings in this case, so it has not acquired any particular expertise in the matter.  The Court, therefore, declines to exercise supplemental jurisdiction over Plaintiff's remaining DTA claims, and remands this case to King County Superior Court.

### III.  CONCLUSION

For all the foregoing reasons, the Court GRANTS IN PART Defendants' motions to dismiss (Dkt. # 12, 15, 26) and GRANTS Plaintiff's motion to remand (Dkt. # 13).  Claims three through nine in the Complaint are DISMISSED with prejudice.  Claims one and two in the Complaint are hereby REMANDED to King County Superior Court.  Defendants' request for judicial notice (Dkt. # 16) is GRANTED.  The Court directs the Clerk of the Court to transmit the file regarding C12-01547RSL to King County Superior Court.

DATED this 10th day of December, 2012.

Robert S. Lasnik
United States District Judge

ORDER DISMISSING CLAIM AND REMANDING CASE- 6